# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CHRISTMAS TREE SHOPS, LLC, et al.,[1] | : | Case No.: 23-10576-TMH |
| | : | |
| Debtors, | : | (Jointly Administered) |
| | : | |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, et al. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 25-50854-TMH |
| | : | |
| COASTAL COCKTAILS, INC. d/b/a MODERN GOURMET FOODS, | : | |
| | : | |
| Defendant. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant Coastal Cocktails, Inc. ("Coastal" or "Defendant"), by and through its undersigned attorneys, as and for its Answer to the Complaint and Affirmative Defenses, states as follows:

### BACKGROUND

1. Paragraph 1 is a statement of the nature of the case to which no response is required.

2. Paragraph 2 is a statement of the nature and status of the case to which no response is required.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC' (8773), and Nantucket Distributing Co., LLC (1640).

1

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Paragraph 5 is a statement of law to which no response is required.

6. Paragraph 6 is a statement of law to which no response is required.

7. Defendant consents to the entry of final orders or judgments by the Court if it is determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

8. Paragraph 8 is a statement of law to which no response is required.

## BASIS FOR RELIEF REQUESTED

9. Paragraph 9 is a statement of law to which no response is required.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Admitted in part, denied in part. Defendant admits that certain payments were received from or on behalf of the Debtor, but does not admit the dates or amounts reflected in Exhibit A to the Complaint.

13. Admitted in part, denied in part. Defendant admits that certain payments were received from or on behalf of the Debtor, but does not admit the dates or amounts reflected in Exhibit A to the Complaint.

14. Paragraph 14 is a statement of law to which no response is required.

## FIRST CLAIM FOR RELIEF

15. Defendant repeats and realleges its answers to the foregoing paragraphs of the Complaint as though fully set forth herein.

16. Denied as stated. Defendant admits that certain payments were received from or on behalf of the Debtor, but does not admit the dates or amounts reflected in Exhibit A to the Complaint.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

21. Admitted in part, denied in part. Defendant denies that the Debtors were in fact insolvent at the time of any transfer, but admits that a presumption exists.

22. Denied.

23. Admitted.

24. Denied as a conclusion of law to which no response is required.

## SECOND CLAIM FOR RELIEF

25. Defendant repeats and realleges its answers to the foregoing paragraphs of the Complaint as though fully set forth herein.

26. Denied as a conclusion of law to which no response is required.

27. Denied as a conclusion of law to which no response is required.

WHEREFORE, Defendant respectfully requests entry of judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

28. The Complaint fails to state a cause of action upon which relief can be granted.

29. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

30. The funds transferred to the Defendant are not property of the estate.

31. The funds were not transferred to the Defendant from the Plaintiff on account of an antecedent debt.

32. Defendant failed to comply with a condition precedent before commencing this action as required by Section 547(b) of the Bankruptcy Code.

33. Plaintiff's claims are barred by 11 U.S.C. § 547(c)(1), which protects from avoidance any transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous.

34. Plaintiff's claims are barred by 11 U.S.C. § 547 (c)(2), which protects transfers in the ordinary course of business of the debtor and defendant and were made according to ordinary business terms.

35. Plaintiff's claims are barred by 11 U.S.C. § 547 (c)(4), which protects transfers made for subsequent new value given.

36. Plaintiff's claims are barred by 11 U.S.C. § 547 (c)(3).

37. Additional facts may be revealed in discovery, or otherwise, that support additional defenses presently available but unknown to Defendant. Therefore, the defendant reserves the right to assert additional defenses if discovery or investigation reveals other defenses.

Dated:  July 25, 2025                                WEIR LLP

/s/ Jeffrey S. Cianciulli
Jeffrey S. Cianciulli, Esquire (No. 4369)
1204 King Street
Wilmington, DE 19801
(302) 652-8181
jcianciulli@weirlawllp.com

*Attorneys for Defendant*
*Coastal Cocktails, Inc.*

**CERTIFICATE OF SERVICE**

    I, Jeffrey S. Cianciulli, Esquire, hereby certify that on July 25, 2025, I caused a true and correct copy of the foregoing Answer with Affirmative Defenses to be electronically filed and served upon all parties registered via the Court's CM/ECF system.

                                                        /s/ Jeffrey S. Cianciulli
                                                        Jeffrey S. Cianciulli